**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, *et al.*, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 17-cv-1664 (KBJ) |
| PALISADES OPERATIONS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION ADOPTING
### REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiffs Service Employees International Union National Industry Pension Fund ("the Fund") and the Fund's trustees (collectively, "Plaintiffs") filed a complaint against Defendant Palisades Operations, LLC, alleging that Palisades had failed to contribute to the Fund between September 2015 and April 2017 in accordance with the terms of a collective bargaining agreement. (*See* Compl., ECF No. 1, at 4–5, 7.)[1] Plaintiffs sought to recover unpaid contributions, interest, and liquidated damages under section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145 (*see id.* at 2, 8–10), and moved for summary judgment (*see* Plaintiffs' Motion for Summary Judgment, ECF No. 12, at 1). On July 24, 2018, this Court granted Plaintiffs' motion and awarded them $24,943.26 for all delinquent contributions, accrued interest, and liquidated damages. (*See* Order, ECF No. 16, at 1.)

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

Plaintiffs subsequently filed a motion for attorneys' fees and costs in the amount of $8,865.00. (*See* Pls.' Pet. For Attys.' Fees and Costs ("Pls.' Pet."), ECF No. 19, at 3.) The Court referred this motion to a magistrate judge (*see* Minute Order of October 24, 2018); it was randomly assigned to Magistrate Judge G. Michael Harvey on October 24, 2018.

Before this Court at present is the Report and Recommendation ("R&R") that Magistrate Judge Harvey filed on December 21, 2018, with respect to Plaintiffs' motion for attorneys' fees and costs. (*See* R&R, ECF No. 24.)[2] The R&R reflects Magistrate Judge Harvey's opinion that Plaintiffs should be awarded costs and fees in the amount of $8,826.00. (*See id.* at 1, 11.) Specifically, Magistrate Judge Harvey recommends that this Court find that the hourly rates Plaintiffs' attorneys have charged are "reasonable and are at or below the prevailing market rate for ERISA services in the Washington, D.C. area." (*Id.* at 6.) Magistrate Judge Harvey further concludes that Plaintiffs have met their burden of demonstrating that the number of hours billed in this litigation is reasonable. (*See id.* at 7–11.) In support of this conclusion, Magistrate Judge Harvey relies on Plaintiffs' comprehensive documentation, as well as the number of hours courts in this district have found reasonable in other, similar cases. (*See id.* at 7–9.) Magistrate Judge Harvey further rejects Defendant's generalized request for an across-the-board reduction in fees as well as each of Defendant's challenges to specific billing entries in turn, except a billing entry for 0.2 hours that Plaintiffs concede is unrelated to the present litigation and should not have been included. (*See id.* at 7–11.)

---

[2] The Report and Recommendation, which is 12 pages long, is attached hereto as Appendix A.

In addition to providing explanations for Magistrate Judge Harvey's conclusions, the R&R also advises the parties that the "failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation." (*Id.* at 12 (citing *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).) Under this Court's local rules, any party who objects to a report and recommendation of a magistrate judge must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the report, and any such written objection must specify the portions of the findings and recommendations to which each objection is made and the basis for each such objection. *See* LCvR 72.3(b). Here, timely objections would have been due by January 4, 2019, and as of the date of the instant Memorandum Opinion, neither party has filed any such objection.

This Court has reviewed Magistrate Judge Harvey's R&R and agrees with its careful and thorough analysis and conclusions. Specifically, the Court agrees with the Magistrate Judge—and also, presumably, Defendants—that the rates Plaintiffs' attorneys have charged are reasonable. (*See* R&R at 4–6; *see also* Def.'s Opp'n to Pls.' Pet. ("Def.'s Opp'n"), ECF No. 22, at 6–7.) The Court also agrees with the Magistrate Judge's finding that the number of hours requested are reasonable. (*See* R&R at 7–11.) In particular, the Court agrees that an across-the-board reduction is not warranted (*see id.* at 7–9); that the contested 3.8 hours that Mooney Green associate Matthew Watts billed were reasonable (*see id.* at 10); and that the 1.9 hours that attorneys and paralegals spent correcting and refiling the motion for summary judgment were reasonable and not duplicative (*see id.*).

3

The Court further concurs with the Magistrate Judge that any challenge to the number of hours based on Defendant's representations regarding this case's similarity to past litigation is so vague and unspecific that it must be waived. (*See id.* at 9–10.) Not only does Defendant fail to reference the four other matters it is relying upon (*see* Def.'s Opp'n at 4, 6), Defendant does not even attempt to explain why any substantive similarities to other disputes renders unreasonable the thirty hours the attorneys here have reported with respect to the drafting of both an 18-page motion for summary judgment that includes more than 100 pages of exhibits (*see* Pls.' Mem. in Support of Pls.' Mot. for Summary Judgment, ECF No. 12-7, and accompanying exhibits), and a 19-page reply (*see* Pls.' Reply in Support of Pls.' Mot. for Summary Judgment, ECF No. 15). As Magistrate Judge Harvey recommends, this Court finds that the amount of time reported to prepare these filings is reasonable, especially given the factual differences that necessitate individualized motions and responses. (*See* Pls.' Reply in Support of Pls.' Pet., ECF No. 23, at 4 (explaining that attorneys "cannot simply copy and paste a motion for summary judgment and a reply in support verbatim from one matter to the next").) Moreover, to the extent that the repetitive nature of the litigation is frustrating to Defendant, the Court reminds Defendant that the reason these same legal arguments are raised repeatedly between these same parties is because Defendant persists in refusing to make timely contributions to the Fund as the parties' collective bargaining agreement requires. (*See* Tr. of Proceedings, July 24, 2018, ECF No. 17, at 3:18–4:22, 16:3–18:3.)

In sum, in the absence of any timely-filed objection, and after conducting its own review of this matter, this Court accepts Magistrate Judge Harvey's analysis in full, and

thus will **ADOPT** the Report and Recommendation in its entirety. Accordingly, Plaintiffs' Petition for Attorneys' Fees and Costs will be **GRANTED**, and Plaintiffs are awarded $8,826.00 in attorneys' fees and costs.

A separate Order accompanies this Memorandum Opinion.

DATE: January 16, 2019         *Ketanji Brown Jackson*
                               KETANJI BROWN JACKSON
                               United States District Judge

APPENDIX A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL PENSION FUND,** *et al*,<br><br>                      **Plaintiffs,**<br><br>    v.<br><br>**PALISADES OPERATIONS, LLC,**<br><br>                      **Defendant.** | Civil Action No.<br>1:17-cv-1664 (KBJ/GMH) |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned for a Report and Recommendation. Pending before the Court is a motion for attorney's fees. Service Employees International Union National Industry Pension Fund and its Trustees ("Plaintiffs" or "the Fund") filed this motion to recover $8,865.00 in attorney's fees and costs expended litigating its claims under sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, against Palisades Operations, LLC ("Defendant"). After reviewing the entire record[1] the undersigned recommends finding that Plaintiffs are eligible for an award of attorney's fees and that, with the exception of a single billing entry, their request for fees and costs is reasonable. The undersigned therefore recommends that the Court grant Plaintiffs' motion and award them $8,826.00 in attorney's fees and costs.

---

[1] The relevant docket entries for the purposes of this Report and Recommendation are: (1) the complaint (ECF No. 1); (2) this Court's Order granting Plaintiffs' motion for summary judgment (ECF No. 16); (3) Plaintiffs' motion for attorney's fees (ECF No. 19); (5) Defendant's memorandum in opposition to Plaintiff's motion for attorney's fees (ECF No. 22); and (6) Plaintiff's reply in support of its motion for attorney's fees (ECF No. 23). Citations to page numbers herein reflect the pagination assigned by the Court's Electronic Case Filing system.

APPENDIX A

## I. BACKGROUND

The Fund is an employee pension benefit plan and multiemployer pension plan under ERISA. ECF No. 1 at 2; *see also* 29 U.S.C. § 1002. In 2010, Defendant entered into a collective bargaining agreement with Service Employees International Union Local 1199 United Health Care Workers East. ECF No. 1 at 4. Pursuant to that agreement, Defendant was obligated to remit contributions to the Fund in accordance with the Fund's trust agreement, collections policies, and rehabilitation plan. *Id.* at 4–5. Between September 2015 and April 2017, Defendant failed to remit certain of these contributions. *Id.* at 7. Thereafter, Plaintiffs initiated this action, seeking to recover, *inter alia*, delinquent contributions, accrued interest, and liquidated damages under 29 U.S.C. § 1145. *Id.* at 2, 8–10. Plaintiffs moved for summary judgment, and Judge Ketanji Brown Jackson granted the motion, awarding Plaintiffs $24,943.26 for all delinquent contributions, accrued interest, and liquidated damages. ECF No. 12; ECF No. 16 at 1. Plaintiffs then moved to recover $8,865.00 in attorney's fees and costs. ECF No. 19 at 3.

## II. LEGAL STANDARD

Where a multiemployer plan sues to recover delinquent contributions under ERISA section 515, 29 U.S.C. § 1145, and obtains a judgment in its favor, "the court *shall* award the plan . . . reasonable attorney's fees and costs of the action." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Bristol Manor Healthcare Ctr., Inc.*, Civil Action No. 12-1904 (RC), 2016 WL 3636970, at *2 (D.D.C. June 30, 2016) (alteration in original) (quoting 29 U.S.C. § 1132(g)(2)); *see also Connors v. Petitte Bros. Min. Co.*, 70 F.3d 637, at *2 (D.C. Cir. 1995) (explaining that "[t]he statute is clear" that attorney's fee awards are mandatory under 29 U.S.C. § 1132(g)(2)).

The party seeking fees bears the burden of establishing entitlement to an award. *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). A calculation of reasonable fees

ordinarily begins by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate to produce the "lodestar" amount. *Bd. of Trustees of Hotel & Rest. Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998). On a motion to recover attorney's fees and costs under section 1132(g)(2), a fee applicant may justify the reasonableness of their requested hourly rates by demonstrating the rates are at or below the "prevailing market rate in the relevant community for attorneys of reasonably comparable skill, experience, and reputation." *Id.* at 807 (quoting *Covington*, 57 F.3d at 1108). Where a multiemployer plan's attorneys charge below-market rates for "public-spirited reasons, they may recover a fee award at the market rate, rather than at actual cost." *Id.* at 808. Fee applicants must also provide the court with "'sufficiently detailed information about the hours logged and the work done' 'based on contemporaneous time records' in order to justify the hours expended." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. ABC Window Cleaning Co., Inc.*, 278 F. Supp. 3d 455, 460 (D.D.C. 2017) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

### III.  DISCUSSION

#### A.  Plaintiff's Entitlement to Attorney's Fees

Here, Plaintiffs filed this action to recover, *inter alia*, delinquent contributions under 29 U.S.C. § 1145. ECF No. 1 at 2, 7–8. Judge Jackson granted Plaintiffs' motion for summary judgment, awarding them $24,943.26 in delinquent contributions, accrued interest, and liquidated damages. ECF No. 16 at 1. Defendant apparently does not dispute that Plaintiff is entitled to an award of attorney's fees, contesting only the reasonableness of the amount of attorney's fees Plaintiffs seek. ECF No. 22 at 6–7. Therefore, the undersigned recommends finding that Plaintiffs are entitled to an award of reasonable attorney's fees under 29 U.S.C. § 1132(g)(2). *See Local 25*, 136

F.3d at 804 (recognizing that an award of reasonable attorney's fees to a prevailing multiemployer plan is "mandatory").

**B.     Reasonableness of Plaintiff's Request for Attorney's Fees**

Defendant argues that "the Court must adjust down" the amount of Plaintiffs' fee award because "Plaintiffs have failed to meet their burden of establishing the reasonableness of their fee request." ECF No. 22 at 6 (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004)). As explained below, the undersigned recommends finding that Plaintiffs' request for attorney's fees and costs is reasonable with one exception.

   1.     Hourly Rate

In support of their fee application, Plaintiffs provide an affidavit from Plaintiffs' counsel Diana M. Bardes, a partner at Mooney, Green, Saindon, Murphy & Welch P.C., attesting to the education, skills, and experience of the attorneys, paralegals, and law clerks who have worked on this matter. ECF No. 19-1 at 3–4. Ms. Bardes avers that, pursuant to a retainer agreement, her firm charges Plaintiffs $220.00 per hour for work performed by the firm's partners, $195.00 per hour for work performed by associates, $120.00 per hour for work performed by paralegals, and $75.00 per hour for work performed by law clerks. *Id.* at 4.[2]

In support of her contention that her firm's rates are reasonable and at or below the prevailing market rate for similar services, Ms. Bardes has attached an updated version of the *Laffey* matrix prepared by the U.S. Attorney's Office for the District of Columbia ("USAO Matrix");[3]

---

[2] Ms. Bardes and her colleague Lauren McDermott evidently started out this litigation as associates but became partners on February 1, 2018. ECF No. 19-1 at 4. Accordingly, their time is billed at Mooney Green's associate rate of $195.00 per hour until February 1, 2018, and at its partner rate of $220.00 per hour thereafter. *Id.* All of the entries for Matthew Watts were billed at the firm's associate rate of $195.00 per hour, all of the entries from Caitlin Cooper were billed at the firm's paralegal rate of $120.00 per hour, and all of the entries for Shanna Mason were billed at the firm's law clerk rate of $75.00 per hour.

[3] Over 30 years ago, the so-called *Laffey* Matrix was created using rates charged by litigators who practice complex federal litigation in D.C. to guide future compensation for such litigation. *See Laffey v. Northwest Airlines, Inc.*, 572

copies of declarations filed in other ERISA delinquent contribution cases in this district by Charles Mehler III, Jerome Flanagan, and David Kelly, Jr., ERISA attorneys from other Washington, D.C. law firms; and citations to cases in which judges in this district have awarded fees at these attorneys' requested rates. ECF Nos. 19 at 3; 19-1 at 27–28, 31–37, 39–44, 46–51. The upshot of all of this is that Mooney Green's hourly rates are at or below those that firms in Washington, D.C. charge for ERISA services and those that judges of this court routinely award in similar matters.

Mooney Green's rates are well below those awarded under the USAO Matrix. Ms. Bardes and Ms. McDermott both had 6–7 years of experience during this litigation, so their hourly rate according to the USAO Matrix would be $352.00 per hour, $132.00 per hour more than their rate as partners at Mooney Green. ECF No. 19-1 at 2–3, 27. Mr. Watts had 4–5 years of experience during this litigation, so his hourly rate according to the USAO Matrix would be $346.00 per hour, $151.00 per hour more than his rate as an associate at Mooney Green. *Id.* at 3, 27. Likewise, the relevant USAO Matrix rate for paralegals and law clerks during this litigation was $164.00 per hour, $44.00 per hour more than Mooney Green's paralegal rate and $89.00 per hour more than the firm's law clerk rate. *Id.* at 27.

Mooney Green's rates are also equal or considerably below those the ERISA attorneys from other firms in Washington, D.C. sought in the affidavits Plaintiffs' counsel provided.

---

F. Supp. 354, 372 (D.D.C.1983) *aff'd in part*, *rev'd in part on other grounds*, 746 F.2d 4 (D.C.Cir.1984). Today, competing matrices exist because litigants disagree as to whether *Laffey* rates should be adjusted for inflation using the Consumer Price Index for All Urban Consumers of the United States Bureau of Labor Statistics (used to create the "USAO *Laffey* Matrix"), the Legal Services Index of the Bureau of Labor Statistics (used to create the "LSI *Laffey* Matrix"), or using a survey of the average hourly rates reported in 2011 for the D.C. metropolitan area that were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index (used to create the "USAO Matrix"). *Compare* https://www.justice.gov/sites/default/files/usao-dc/legacy/2013/09/09/Laffey_Matrix%202014.pdf, *and* https://static1.squarespace.com/static/5a2af8a0f14aa1cbbcf14079/t/5a6fb3ae24a69470e7cafe03/1517269934806/LSI+Laffey+Matrix.pdf, *with* https://www.justice.gov/usao-dc/file/796471/download. LSI *Laffey* Matrix rates are significantly higher than both USAO *Laffey* Matrix rates and USAO Matrix rates. Since 2015, the D.C. U.S. Attorney's Office has ceased to update the USAO *Laffey* Matrix, and going forward will periodically update only the USAO Matrix. Here, neither party has advocated awarding rates based on a version of the *Laffey* Matrix— Plaintiffs have introduced the USAO Matrix only as evidence that the considerably lower rates charged by its attorneys are reasonable. ECF No. 19-1 at 6, 27.

Mr. Mehler sought $590.00 per hour for himself and $165.00–260.00 per hour for his paralegals, rates exceeding Mooney Green's partner rate by $370.00 per hour and its paralegal rate by $45.00–140.00 per hour. *Id.* at 37. Mr. Flanagan requested $220.00 per hour for both partners and associates and $70.00 per hour for paralegals at his firm, rates equivalent to Mooney Green's for partners, $25.00 per hour more than Mooney Green's rate for associates, and $50.00 per hour less than Mooney Green's rate for paralegals. *Id.* at 40. Finally, Mr. Kelly requested requesting $280.00 per hour for his time, $60.00 per hour more than Mooney Green's rate for partners and $95.00 per hour more than Mooney Green's rate for associates. *Id.* at 49.

Defendant does not contest that Mooney Green's rates are at or below the prevailing market rates for ERISA attorneys in the Washington, D.C. area. ECF No. 22 at 6–7. The undersigned therefore recommends finding that this evidence is sufficient to demonstrate that the hourly rates charged by Plaintiffs' attorneys are reasonable and are at or below the prevailing market rate for ERISA services in the Washington, D.C. area. *See, e.g., Serv. Emps. Int'l Union Health & Welfare Fund v. N. Am. Cleaning Servs. Co. Inc.*, 264 F. Supp. 3d 1, 5–6 (D.D.C. 2017) (Moss, J.) (finding Mooney Green's requested rates reasonable in comparison to those awarded under versions of the *Laffey* matrix and those awarded in similar ERISA cases); *cf. ABC Window Cleaning*, 278 F. Supp. 3d at 460 (Berman Jackson, J.) (finding "one conclusory sentence" in Mooney Green's declaration did not "provide the extent of each biller's legal experience in order to inform a comparison to the prevailing market rates, nor does the affidavit point to additional evidence of prevailing market rates such as the *Laffey* Matrix or the U.S. Attorney's Office Matrix, which the D.C. Circuit has 'previously said litigants may rely upon when seeking fees.'" (quoting *Role Models*, 353 F.3d at 970)).

  2.  Number of Hours Requested

Once the hourly rate is determined, courts evaluate the reasonableness of the number of hours requested. The party requesting fees has the burden to establish that the number of hours in its fee request is reasonable, and it must provide documentation that is of "sufficient detail and probative value" to allow the court to evaluate "with a high degree of certainty" whether the hours were "reasonably expended." *In re Olson*, 884 F.2d 1417, 1428 (D.C. Cir. 1989) (emphasis omitted) (quoting *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984)). Courts examine several attributes of the documentation provided by the requesting party to assess the reasonableness of the number of hours requested, including duplication of time entries, insufficient detail in billing descriptions, block billing, and billing inconsistencies. *See generally Role Models*, 353 F.3d at 970–74 (analyzing these factors in a motion for attorney's fees under Equal Access to Justice Act). If a district court finds that the requesting party has failed to document its hours sufficiently, it may "reduce the award [of attorney's fees] accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Defendant apparently seeks an across the board reduction of Plaintiffs' fee award based on the submitted invoice, arguing the Court should "adjust down" the award because Plaintiffs have "failed to meet their burden of establishing the reasonableness of their fee request." ECF No. 22 at 6. In support of this argument, Defendant cites two cases where courts reduced fee awards for deficiencies in the attorneys' invoices. *See Role Models*, 353 F.3d at 973 (reducing a fee award by 50% because of "inadequate documentation, failure to justify the number of hours sought, inconsistencies, and improper billing entries"); *Fitts v. Unum Life Ins. Co. of America*, 680 F. Supp 2d 38, 45 (D.D.C. 2010) (reducing a fee award under 29 U.S.C. § 1132(g) by 15% where plaintiffs

sought $1,384,127.79 in fees, and the court found "a portion of the entries in the fee application [we]re flawed").

The undersigned finds this argument unavailing. As other courts in this district have recognized, *Role Models* dealt with a request for fees that involved extensive use of block billing and a total fee demand of more than $350,000, which was "dramatically disproportionate to the work required." *Petties v. District of Columbia,* Civil Action No. 95-0148 PLF, 2009 WL 8663462, at *7 (D.D.C. Oct. 20, 2009); *see also Bristol Manor*, 2016 WL 3636970, at *5 (characterizing the invoice issues in *Role Models* as "pervasive" and rejecting an overall reduction in the fee petition despite some block-billed entries). While the deficiencies in *Fitts* were not as extensive as those in *Role Models*, the court there did find that many billing entries were "less specific than is appropriate," and the plaintiffs failed to demonstrate its level of staffing was appropriate and failed to rebut several other meritorious challenges to its invoice. *Fitts*, 680 F. Supp. 2d. at 43–44. Despite Defendant's assertion that Plaintiffs' counsel's invoices in this case "suffer similar infirmities to those" in *Role Models* and *Fitts*, Defendant identifies vanishingly few specific deficiencies with Plaintiffs' hours expended in this matter. ECF No. 22 at 6–7. Unlike the fee requests in those cases, the undersigned has reviewed Plaintiffs' counsel's invoice in this case and finds that the majority of the entries include only a single task, and "even the entries that are not limited to a single task list several that all involve one filing." *Bristol Manor,* 2016 WL 3636970 at *5; ECF No. 19-1 at 9–25. Accordingly, the undersigned recommends finding that Plaintiffs' counsel's billing practices, unlike those in *Role Models* and *Fitts*, are reasonable and do not warrant an overall reduction in the fee award.

When a court evaluates a petition for attorneys' fees, "the ultimate inquiry is whether the total time claimed is reasonable." *Smith v. District of Columbia*, 466 F. Supp. 2d 151, 158 (D.D.C.

2006). Overall Plaintiffs spent 49.6 hours of attorney and paralegal time researching the case, drafting and filing the complaint and litigating the motion for summary judgment.[4] ECF Nos. 19 at 2; 19-1 at 5. Judge Jackson found in an earlier delinquent contribution case between these parties that an attorney's fee award for the 55 hours Plaintiffs spent litigating the matter through summary judgment was "manifestly reasonable" and "on its face, proportional to the complexity and length of the parties' ERISA litigation." Memorandum Opinion and Order at 8, *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Palisades Health Care Center, Inc.*, Case No. 15-cv-626 (D.D.C. Nov. 18, 2016), ECF No. 28 at 9; *see also Bristol Manor*, 2016 WL 3636970, at *5 (awarding $19,023 in attorney's fees and costs and finding 55 hours spent litigating a similar delinquent contribution case "modest"); Order at 2, *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Tnuzeg Holdings, LLC*, Case No. 17-cv-1655 (D.D.C. Nov. 5, 2018) (Collyer, J.), ECF No. 24 (awarding Mooney Green $8,301.00 in fees and costs for 43.8 hours spent litigating an ERISA delinquent contribution case through summary judgment and finding the hours claimed "reflect the time and effort the Court could legitimately expect from a properly lawyered case.") Accordingly, the undersigned recommends finding that the overall time Plaintiffs' counsel spent litigating this case—some 49.6 hours—is reasonable, and that no across the board reduction is warranted.

With respect to specific entries Defendant has challenged, Defendant argues that Plaintiffs' counsel spent excessive time preparing the motion for summary judgment and reply given the similarities between the motion and reply filed in this case and those Plaintiffs have filed in other

---

[4] Plaintiffs' counsel's invoice lists 54.6 as the total number of billable hours in this case. ECF No. 19-1 at 24. As Plaintiffs' counsel explains, this total erroneously incorporated several hours' worth of entries "unrelated to the instant litigation." *Id.* at 4. Plaintiffs' counsel has highlighted these unrelated entries on the invoice and deducted them from the total, arriving at a total of 49.8 hours. *Id.*; ECF No. 19 at 2. Defendant identified an additional 0.2 hour entry that is apparently unrelated to this case, and Plaintiffs agreed to exclude that entry from their request for fees. ECF No. 22 at 5, 7; ECF No. 23 at 6. Accordingly, the undersigned recommends finding that Plaintiffs spent 49.6 hours litigating this case.

matters. ECF No. 22 at 6. Defendant does not identify the motions and replies that he alleges involve "virtually identical" briefing, and the undersigned therefore recommends finding this argument waived. *Id.* at 4–6; ECF No. 22-1 at 1; *see Johnson v. Pancetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) ("'[I]t is not the obligation of this Court to research and construct the legal arguments available to the parties.' To the contrary, perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived." (alteration in original) (quoting *Krupa v. Naleway*, No. 06 C 1309, 2010 WL 145784, at *8 (N.D. Ill. Jan. 12, 2010))).

Defendant also challenges the 3.8 hours billed by Mooney Green associate Matthew Watts on the grounds that it was "not devoted to substantive work" because 3.2 of the 3.6 hours of Mr. Watts' time on the case "were spent reviewing various notices, correspondence, and other court documents." ECF No. 22 at 7. Plaintiffs explain that Ms. Bardes was the lead attorney on this and other ERISA delinquent contribution collection matters, but that Ms. Bardes assigned Mr. Watts to "remain up-to-date" on the delinquent contribution cases "to ensure that all the deadlines were met" and "to monitor and manage these cases to fruition." ECF No. 22 at 4–5. In light of Plaintiffs' explanation, the undersigned recommends finding that the time Mr. Watts spent on this case was reasonable.

Defendant also challenges the time Plaintiffs' counsel spent correcting and refiling their summary judgment brief, arguing that "it would be inequitable to require [Defendant] to pay for the duplication of effort" this correction necessitated. ECF No. 22 at 7. Here too, Plaintiffs offer a reasonable explanation: rather than duplicating effort, the time spent correcting this filing was largely paralegal time spent preparing a table of contents and table of authorities to bring the filing into compliance with Judge Jackson's standing orders. ECF No. 23 at 5–6. The undersigned therefore recommends finding the time billed for this task reasonable.

Finally, Defendant challenges as unrelated to the present litigation a billing entry for 0.2 hours (or $39) dated November 22, 2017. ECF No. 22 at 7; ECF No. 19-1 at 15. Plaintiffs concede that this entry should not have been included in their fee request. ECF No. 23 at 6. Accordingly, the undersigned recommends reducing the overall fee award by $39.

The undersigned therefore recommends awarding Plaintiffs the full amount of requested fees, less $39.00 to account for the 0.2 hour entry dated November 22, 2017.

    3.    Costs

Plaintiffs also seek recovery of other costs they incurred as a result of this litigation, namely a $400.00 filing fee and $95.00 in process server fees. ECF Nos. 19 at 3; 19-1 at 5. Defendant apparently does not object to Plaintiffs' request to recover these costs. ECF No. 22. at 6–7. Accordingly, the undersigned recommends awarding the full amount of the requested costs. *See Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Crystal Cleaning Sys., Inc.*, Civil Action No. 13-1350 KBJ/DAR, 2014 WL 3585530, at *4 (D.D.C. June 13, 2014) (awarding filing and process server fees in a delinquent contribution case), *report and recommendation adopted* 2014 U.S. Dist. LEXIS 99124, *3 (D.D.C. July 22, 2014) (Brown Jackson, J.); *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 69 (D.D.C. 2011) (same).

## IV.    CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiffs' motion for attorney's fees and costs (ECF No. 19) and award Plaintiffs $8,826.00 in attorney's fees and costs.

\*   \*   \*   \*   \*

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of

the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Date: December 21, 2018

Digitally signed by G. Michael Harvey
Date: 2018.12.21 15:12:54 -05'00'

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE